UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATT YOUNGMAN,<br><br>Plaintiff(s),<br><br>v.<br><br>McGLADREY, LLP,<br><br>Defendant(s). | Case No. 2:15-CV-1252 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant McGladrey, LLP's motion to dismiss. (Doc. # 4). Plaintiff Matt Youngman filed a response (doc. # 15), and defendant filed a reply. (Doc. # 26).

Also before the court are plaintiff's (i) motion to remand to state court (doc. # 14); (ii) motion to amend/correct complaint (doc. # 17); and (iii) counter motion to treat defendant's motion to dismiss as a motion for a more definite statement. (Doc. # 21).[1] Defendant filed responses (doc. ## 27, 28), and plaintiff filed a reply with respect to the counter motion. (Doc. # 34).

I.  **Background**

From April 2009, through March 2015, defendant McGladrey employed plaintiff Matt Youngman as a business development director. McGladrey is a professional firm offering audit, tax, and consulting services. In March of 2015, McGladrey terminated plaintiff, allegedly without cause.

Youngman claims that McGladrey failed to pay him salary, bonus, incentive, and severance benefits he was owed. He appears to base his claims on an incentive plan, a severance plan governed by The Employee Retirement Income Security Act of 1974 ("ERISA"), and an oral contract that he would not be terminated without cause.

---

[1] Plaintiff's motions to amend (doc. # 17) and to treat defendant's motion to dismiss as a motion for a more definite statement (doc. # 21) are contained in its opposition to McGladrey's motion to dismiss. They were docketed separately pursuant to Special Order 109, which requires a separate document for each type of document or purpose. (*See* doc. # 18).

James C. Mahan
U.S. District Judge

After brief pre-litigation settlement discussions were unsuccessful, Youngman initiated the present suit in the Eight Judicial District Court of Nevada. The complaint alleges causes of action for: (a) breach of contract; (b) contractual and tortious breach of the implied covenant of good faith and fair dealing; (c) unjust enrichment; and (d) *quantum meruit*.

Defendant subsequently removed the case to this court on the theory that because ERISA governs its severance plan, it also preempts Youngman's breach of contract claim with respect to the plan, creating an exclusive federal cause of action. (Doc. # 1). Plaintiff argues that ERISA does not apply to the plan because defendant failed to meet the plan's procedural requirements with respect to employee demands. He contends that under Ninth Circuit law, ERISA is not implicated unless proper procedural steps are followed and asks the court to remand the action to state court.

McGladrey opposes the motion to remand and argues that the complaint should be dismissed for failure to state a claim under FRCP 12(b)(6).

## II. Legal Standard

### A. Motion to remand

Under 28 U.S.C. § 1441, "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson* at 988 (citing *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996)).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution,

James C. Mahan
U.S. District Judge

- 2 -

laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction,[2] the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

For proper removal under the federal question theory, the complaint usually must state the federal question *on its face*. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (the federal question must be clear from the face of plaintiff's complaint in order for the court to have jurisdiction under 28 U.S.C. § 1331). However, a state created cause of action may be deemed to arise under federal law where: (1) the federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *See Fitzgerald v. Celergy Networks, Inc.*, 67 Fed. Appx. 390, 391-92 (9th Cir.2003).

B.   Motion to dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

---

[2] In the amended petition for removal, defendants do not plead diversity jurisdiction. The court, therefore, declines to analyze diversity jurisdiction. (*See* doc. # 4).

**James C. Mahan**
**U.S. District Judge**

- 3 -

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

*Id.*

### III. Discussion

Plaintiff's motion to remand raises a threshold jurisdictional question. The court will therefore address that motion first.

#### A. Motion to remand

Plaintiff argues that under the well-pleaded complaint rule, his case cannot be removed to federal court unless his complaint establishes that the case arises under federal law. *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). However, the well-pleaded complaint rule has an "independent corollary," the doctrine of complete preemption. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).

In some instances, "the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Removal based on ERISA preemption is a question of whether the plaintiff's claim relates to an ERISA plan. *See, e.g.*, *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1253–53 (9th Cir.

- 4 -

2002). The Supreme Court has developed a two-prong test to evaluate whether state law claims are preempted by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). A state law claim is completely preempted by ERISA if (a) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (b) "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210.

First, because plaintiff's breach of contract claim for denial of severance benefits is governed by ERISA,[3] he could have brought his claim under ERISA § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(1)(B) states in relevant part:

> "A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

29 U.S.C. § 1132(a)(1)(B). The thrust of Mr. Youngman's breach of contract claim for refusal to pay his severance benefits is an action "to recover benefits due to him under the terms of his plan." *See id.* He therefore "could have brought his claim under ERISA § 502(a)(1)(B)." *See Davila*, 542 U.S. at 210.

Second, there is no independent legal duty that is implicated by McGladrey's actions with respect to denial of Youngman's severance pay. Any duties imposed by state contract law "do not arise independently of ERISA or the plan terms" in this case. *See id.* at 212. The claim is based on denial of severance pay in violation of McGladrey's ERISA-governed severance plan. Resolution of the claim requires the court's construction of the ERISA plan and does not require the resolution of any question regarding any independent legal duty. Mr. Youngman's claim is therefore completely preempted by ERISA, and removal to federal court of this claim is appropriate.

Plaintiff argues that claims regarding the denial of benefits under a plan governed by ERISA are "only subject to federal preemption once the [p]lan [a]dministrator follows all necessary procedures and issues a decision." (Doc. # 14 at 4). Plaintiff cites to the Ninth Circuit case *Bui v. American Telephone & Telegraph Co. Inc.* for this proposition. *See* 310 F.3d 1143, 1147–48 (9th Cir. 2002). *American Telephone* makes no such holding, however. *See id.*

*American Telephone* held that certain of the plaintiff's claims, which were for medical malpractice, were not preempted because they did not involve the administration of ERISA benefits. *See id.* The court *did* state that in order for a claim to be completely preempted by ERISA,

---

[3] The parties agree that the severance plan is governed by ERISA.

**James C. Mahan**
**U.S. District Judge**

- 5 -

it must involve an "administrative decision regarding coverage." *Id.* It did *not* state that plan administrators must follow all necessary procedures before ERISA preemption is triggered. *See id.* In fact, the plaintiff in *American Telephone* also made breach of contract claims based on the administration of plaintiff's ERISA-governed benefit plan. The court found that "ERISA preempts [plaintiff's] contract claims. These claims do not merely reference the ERISA plan, they require its construction because the contract allegedly breached is the ERISA plan itself. Accordingly, ERISA preempts the contract claims." *Id.* at 1152.

Youngman's claims here implicate ERISA for the exact same reason. He argues that the plan administrator failed to follow proper procedures pursuant to the plan itself. In making his argument, Youngman concedes that McGladrey responded to his demand for benefits regarding the [severance plan] by denying denying his request. (*See* doc. # 14 at 4–5). Specifically, he alleges that, in response to his demand, McGladrey stated—by letter—"[w]e do not believe there is a basis for any claims or demands by [plaintiff]. We reject your demand." The court finds that this statement sufficiently shows that McGladrey's alleged conduct involves an administrative decision regarding coverage. *See American Phone*, 310 F.3d at 1147.

Mr. Youngman's claim for breach of contract with respect to the provisions of McGladrey's ERISA-governed severance plan is completely preempted by ERISA. Removal of plaintiff's claims to federal court was therefore appropriate, and the court will deny Youngman's motion to remand. Youngman's request for attorney's fees incurred as a result of the removal is accordingly denied.

B.     *Motion to dismiss under FRCP 12(b)(6)*

Youngman's first cause of action is for breach of contract. He alleges that he was hired subject to oral contract that he would not be terminated without cause if he performed his duties satisfactorily. He alleges that he is owed payments for salary, commissions, bonuses, and severance pay controlled by McGladrey's "Incentive Plan" and "Severance Plan and Administrative Procedures." (*See* doc. # 4 at 8, 10).

As discussed above, the severance plan is governed by ERISA, and ERISA preempts any other claim based on allegations regarding to denial of benefits under that plan. Defendant argues that plaintiff has failed to state a claim under ERISA, and that Youngman's claims supported by his severance pay allegations should therefore be dismissed because they are preempted. Defendant asserts that plaintiff's remaining state law breach of contract claims for denial of salary,

James C. Mahan
U.S. District Judge

- 6 -

commissions, and bonuses, as well as his state law claims for *quantum meruit*, unjust enrichment, and the breach of the implied covenant of good faith and fair dealing, should also be dismissed on various other grounds.

The court has already found that Youngman's breach of contract claims for severance pay are preempted by ERISA. That claim must therefore be dismissed for failure to state a claim. Plaintiff has not alleged any other claim under ERISA or any other federal cause of action. (*See generally* doc. # 1 at 8–11). Without a valid federal question, the court does not have original jurisdiction under 28 U.S.C. § 1331. The parties have not pled any other basis for the subject matter jurisdiction of this court over plaintiff's state law claims. The court declines to exercise its power to adjudicate the remaining pendant state claims under 28 U.S.C. § 1337. *See* 28 U.S.C. § 1337; *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 349–53 (1988).

Accordingly, the court will dismiss plaintiff's complaint in its entirety without prejudice.

C.  *Motion to amend/treat defendant's motion as a motion for more definite statement*

Plaintiff's opposition to McGladrey's motion to dismiss includes a request to treat defendant's motion to dismiss as a motion for a more definite statement or to grant plaintiff leave to amend his complaint. Plaintiff argues that the ERISA administrative procedures have not been fully exhausted and he cannot properly plead an ERISA claim until they are. Plaintiff asks that the case be stayed during exhaustion of those procedures and that he be granted leave to amend once the procedures have been followed. (*See* doc. # 34 at 2–3). The court has already denied Youngman's motion to stay (*see* doc. ## 35, 48), however, based on the pendency of the dispositive motions presently before the court.

In federal court, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

The court finds that granting leave to amend the complaint is appropriate here. The complaint was dismissed because of complete preemption under ERISA. Plaintiff did not have an

James C. Mahan
U.S. District Judge

- 7 -

opportunity to plead a proper ERISA claim. Thus, the court has not had an opportunity to determine whether the "facts and circumstances relied upon by a plaintiff may be a proper subject of relief" under ERISA. *Id.* Granting leave to amend will not result in undue delay or prejudice to defendant, is not based on bad faith or dilatory motive on the part of Youngman, and amendment is not futile.

It is not clear whether plaintiff has exhausted his remedies under ERISA during the pendency of the motions before the court, which is a requirement for filing suit under ERISA. *See, e.g.*, *Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). The parties have, however, completed the early neutral evaluation process and did not reach a resolution. (*See* doc. # 51).

Accordingly, the court will deny plaintiff's counter motion to treat defendant's motion to dismiss as a motion for a more definite statement (doc. # 31) but grant his motion for leave to amend his complaint. (Doc. # 17). Mr. Youngman may file an amended complaint within fifteen (15) days of the entry of this order asserting any valid claims he may have under ERISA. If plaintiff has not yet exhausted his administrative remedies, he may instead renew his motion to stay pending exhaustion by filing a new motion to stay within fifteen (15) days of this order. If plaintiff files neither an amended complaint nor a renewed motion to stay with fifteen days of this order, the clerk will enter judgment in defendant's favor, and the case will be closed.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Matt Youngman's motion to remand to state court (doc. # 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant McGladrey, LLP's motion to dismiss (doc. # 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Matt Youngman's complaint (doc. # 1 at 8–11) be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff Matt Youngman's motion to amend/correct complaint (doc. # 17) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff Matt Youngman shall file either a renewed motion to stay or an amended complaint within fifteen (15) days of this order or the clerk shall enter judgment in defendant's favor and close the case.

IT IS FURTHER ORDERED that plaintiff Matt Youngman's counter motion to treat defendant's motion to dismiss as a motion for a more definite statement (doc. # 21) be, and the same hereby is, DENIED.

DATED March 22, 2016.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE